1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16

KENT M. BRYAN,

            Plaintiff,

    v.

TAHOE REGIONAL PLANNING
AGENCY, et al.,

            Defendants.

No.  2:25-cv-1937-CKD (PS)

ORDER

17    Plaintiff Kent Bryan proceeds pro se and seeks relief related to the denial of a permit

18    application for a mooring buoy on Lake Tahoe. Plaintiff moves to strike all affirmative defenses

19    in the operative answer filed by defendants Tahoe Regional Planning Agency ("TRPA"), Julie

20    Regan, and Graham St. Michel. The Court previously took the motion under submission pursuant

21    to Local Rule 230(g). For the reasons set forth below, the motion is denied.

22        **I.        Background**

23        This action arises from TRPA's denial of plaintiff's subsequent permit application for a

24    mooring buoy.[1] Plaintiff filed the operative first amended complaint ("FAC") on August 4, 2025.

25    (ECF No. 5.) Defendants filed their answer to the FAC on September 3, 2025. (ECF No. 14.)

26

27    _____

[1] Plaintiff previously sued the TRPA regarding a permit denial for the same buoy, and the Court
granted summary judgment to TRPA in that case. See Bryan v. Tahoe Reg'l Planning Agency,
28    No. 2:21-cv-02340-TLN-AC (PS).

1

On September 16, 2025, plaintiff filed the motion presently before the court, seeking to strike defendants' affirmative defenses and seeking partial summary judgment on the existence of the buoy. (ECF No. 16.) Plaintiff later withdrew the portion of the motion requesting partial summary judgment. (ECF No. 30.) Defendants opposed the motion to strike affirmative defenses and plaintiff filed a reply. (ECF Nos. 17, 26.) Plaintiff also filed a motion to deem the reply brief timely filed, which defendants opposed. (ECF Nos. 27, 29.) In this instance, the court will accept and consider the untimely reply brief.

## II.    Applicable Legal Standards

The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).

An affirmative defense must "give fair notice of the defense pled." Wyshak v. City Nat'l Bank, 607 F.2d 824, 826 (9th Cir. 1979). To show that a defense is "insufficient," the moving party must demonstrate there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed. California Dep't of Toxic Substances Control v. Alco Pac., Inc., 217 F. Supp. 2d 1028, 1032 (C.D. Cal. 2002). Motions to strike are generally regarded with disfavor and, accordingly, the movant's burden is substantial. See id.

A defense that points out a defect in a plaintiff's prima facie case, or "merely negates an element" is not an affirmative defense. Zivkovic v. S. California Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002). However, because it is difficult to find prejudice in the mislabeling of a matter as an affirmative defense, courts are split on whether such defenses should be stricken. Compare G & G Closed Cir. Events LLC v. Almeda, No. CV-18-00672-PHX-ESW, 2018 WL 4539974, at *2 (D. Ariz. Sept. 21, 2018) (agreeing with Wright & Miller and sister district cases that denials improperly pled as affirmative defenses should not be stricken for that reason alone), with Garcia v. Mickey Fine Enterprises, Inc., No. EDCV 21-1056 JGB (SHKx), 2022 WL 2168886, at *2

1    (C.D. Cal. Jan. 7, 2022) (striking failure to state a claim defense without leave to amend). Given

2    their disfavored status, courts often require a showing of prejudice by the moving party before

3    granting the requested relief. California Dep't of Toxic Substances Control v. Alco Pac., Inc., 217

4    F. Supp. 2d at 1033.

5        **III.**     **Discussion**

6           Defendants' FAC pleaded the following 10 affirmative defenses: Failure to State a Claim,

7    Res Judicata, Collateral Estoppel, Laches, Mitigation of Damages, Damages Speculative,

8    Immunity, No Disparate Treatment, No Protectable Property Interest, and Lack of Standing. (ECF

9    No. 14 at 14-17.) Plaintiff moves to strike all 10 affirmative defenses. Plaintiff argues the

10   affirmative defenses should be stricken as insufficient to overcome his claims, refuted by the

11   pleadings, not applicable, premature, and/or because material evidence will defeat them. (ECF

12   No. 16 at 3-8; ECF No. 26 at 6-11.) These arguments address the substantive merits of the

13   affirmative defenses and are misplaced.

14          A motion to strike is not the appropriate vehicle for arguing the substantive merits of an

15   affirmative defense. See Xu v. City of Los Angeles, No. 2:23-cv-01575-FLA (SP), 2023 WL

16   8143542, at *2 (C.D. Cal. Oct. 18, 2023) ("[A] motion to strike affirmative defenses is not to

17   decide the merits and courts do not strike affirmative defenses simply because they will fail.").

18   Plaintiff does not show that any asserted affirmative defense cannot succeed under any

19   circumstances, as required to establish legal insufficiency. See California Dep't of Toxic

20   Substances Control, 217 F. Supp. 2d at 1032.

21          In addition, plaintiff does not allege lack of fair notice or that any defense is inadequately

22   pleaded in a manner that fails to give fair notice. This is the second action between the parties

23   regarding denial of a permit application for the same alleged mooring buoy, and plaintiff's

24   arguments addressing the merits of the asserted affirmative defenses indicate he has fair notice.

25   Plaintiff does not show or assert he is prejudiced by the inclusion of any of the affirmative

26   defenses. Because plaintiff has not shown the inclusion of any affirmative defense would

27   prejudice him and because an assessment of the sufficiency of the defenses is better left for

28   adjudication on the merits, the motion to strike will be denied. See California Dep't of Toxic

1    Substances Control v. Alco Pac., Inc., 217 F. Supp. 2d at 1033.

2    **IV.    Conclusion and Order**

3    In accordance with the above, IT IS ORDERED as follows:

4    1.  Plaintiff's motion to deem the reply brief timely filed (ECF No. 27) is GRANTED.

5    2.  Plaintiff's motion to strike affirmative defenses (ECF No. 16) is DENIED.

6    Dated:  December 9, 2025

7    _____
     CAROLYN K. DELANEY
8    UNITED STATES MAGISTRATE JUDGE

9

10   8 brya25cv1937.16

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28