

Kent M. Bryan (Pro Se)
2 Argo Court
Broomfield, CO 80020
303-356-4416

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

KENT M. BRYAN (Pro Se),                    )
    Plaintiff,                             )    Case No. 2:25-cv-01937-CKD (PS)
    vs.                                    )
TAHOE REGIONAL PLANNING AGENCY,            )
JULIE W. REGAN (EXECUTIVE DIRECTOR),       )
GRAHAM ST. MICHEL (GENERAL COUNSEL)        )
    Defendants,                            )

## DECLARATION OF KENT M. BRYAN IN SUPPORT OF JOINT STATEMENT

I, **KENT M. BRYAN**, declare as follows:

1. I am the Plaintiff in this matter, proceeding *pro se*, and I have personal knowledge of the facts set forth herein. If called as a witness, I could and would testify competently to these facts .

2. Reference to Dkt. 39 and the Administrative Blockade: On December 22, 2025, I filed a "Notice of Administrative Status" (**Dkt. 39**) informing the Court that I formally initiated a Jurisdictional Determination (JD) with the California State Lands Commission (CSLC). This action was taken to address the circular property interest requirements

DECLARATION 1

noted in the Court's prior Findings and Recommendations. The "trespass" status mentioned in Dkt. 39 is a manufactured condition resulting from TRPA's coordination with CSLC "off written channels" (**Exhibit H**).

3. **Proof of Legal Impossibility (CSLC Letter):** The **February 25, 2021, CSLC Letter (AR1005–AR1007)** provides definitive proof that TRPA manufactured a "condition impossible". In that letter, the CSLC explicitly informed me that lakebed leases **"shall generally only be issued to littoral upland owners"** and that my mooring location was already **"under lease to the littoral landowner"** . This confirmed as early as 2021 that the "State Path" was legally unavailable to me, making TRPA's demand for a CSLC lease a **Legal Impossibility**.

4. **Refutation of "Non-Existence" (Exhibit F):** Defendants' extra-record declarations claim my buoy is "non-existent" based on surface-only observations. As documented in **Exhibit F**, a professional dive inspection confirmed the permanent mooring block remains in its historical location at a 40-foot depth at the specified coordinates, directly refuting the Phillips Declaration.

5. **Technical Coordinate Fraud (Exhibit D):** TRPA utilized coordinates incorporating a known geodetic shift error to "lose" my buoy. Attached as **Exhibit D** is evidence that the Agency utilized flawed data to manufacture a "non-existence" finding despite their internal GIS manuals documenting these datum shifts. Discovery into the **GPS Metadata** is necessary to reconcile the 93.8-foot error utilized in the August 2025 inspection.

6. **Selective Enforcement (Exhibits A and E):** Attached as **Exhibits A and E** are records proving TRPA recognized the "Federal Path" for other non-littoral applicants (**Sherman**

DECLARATION 2

and **Gould**). TRPA's refusal to grant me the same recognition, despite my site-specific **Exhibit G** (USACE Verification), constitutes a discriminatory blockade and a post-hoc rationalization.

7. **Admission of Capacity (AR001171)**: During the May 28, 2025, TRPA Governing Board hearing, I personally witnessed Agency staff admit on the record that **"three buoys would be okay in theory"** at the location. This admission confirms the denial was not based on physical capacity, but on the Agency's refusal to recognize the **Standalone Federal Path** in favor of the blocked "State Path".

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 6th day of January, 2026, at Broomfield, Colorado.

Dated: January 6, 2026

—Kent M. Bryan (Plaintiff Pro Se)

DECLARATION 3