UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENT M. BRYAN,

Plaintiff,

v.

TAHOE REGIONAL PLANNING
AGENCY, et al.,

Defendants.

No.  2:25-cv-1937-CKD (PS)

ORDER

Plaintiff Kent Bryan proceeds pro se and seeks declaratory and injunctive relief challenging a decision by defendant Tahoe Regional Planning Agency ("TRPA") denying his subsequent permit application for a mooring buoy on Lake Tahoe. (See ECF No. 5, First Amended Complaint.) In the motion presently before the court, plaintiff seeks to conduct limited discovery beyond the administrative record and have the court review documents *in camera*. (ECF No. 41.) The parties filed their joint statement on the discovery dispute and plaintiff later filed a request for judicial notice to which the defendants partially objected. (ECF Nos. 40, 42, 43). This matter is suitable for decision without oral argument and is submitted on the written record. See Local Rule 230(g). The court vacates the hearing set for this motion and denies the motion for the reasons set forth below.

////

1

## I.     Background

Plaintiff alleges he owns a property near Lake Tahoe, not directly on the shore, and has continuously kept a mooring buoy in Lake Tahoe at its current spot since before 1968. (ECF No. 5, ¶¶ 1-2.) He alleges TRPA improperly denied his application for a permit under its "Shoreline Plan" which allows permits for pre-existing buoys. (Id., ¶ 10.) He alleges defendants denied the permit without addressing all evidence, and applying rules inconsistently under a process that "deviated from standard governmental procedures," which deprived him of his rights under the Takings Clause and Due Process Clause of the Fifth and Fourteenth Amendments, respectively. (Id. at 12, 15.) The permit denial allegedly occurred "despite unchallenged information regarding the buoy's long-standing presence and valid federal approvals." (Id., ¶ 15.)

## II.     Legal Standard

In evaluating a challenge to agency action, the Administrative Procedure Act ("APA") directs courts to "review the whole record or those parts of it cited by a party[.]" 5 U.S.C.A. § 706. "[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." Camp v. Pitts, 411 U.S. 138, 142 (1973). However, the Ninth Circuit has articulated four circumstances under which supplementation of the administrative record or additional discovery may be justified: (1) when the record need be expanded to explain agency action; (2) when the agency has relied upon documents or materials not included in the record; (3) to explain or clarify technical matter involved in the agency action; and (4) where there has been a strong showing in support of a claim of bad faith or improper behavior on the part of agency decisionmakers. Pub. Power Council v. Johnson, 674 F.2d 791, 793-94 (9th Cir. 1982); see also Lands Council v. Powell, 395 F.3d 1019, 1030 (9th Cir. 2005). These exceptions are narrowly construed and applied so as not to undermine the general rule. Lands Council, 395 F.3d at 1030.

## III.     Request for Judicial Notice

Plaintiff requests the court to take judicial notice of the following (1) "33 C.F.R. § 320.1(c) (U.S. Army Corps of Engineers Regulatory Program)"; (2) "86 Fed. Reg. 73522 (Dec. 27, 2021) (Issuance and Reissuance of Nationwide Permits"; (3) "33 C.F.R. § 330.1(e)(1)

2

(Nationwide Permit Program – Written Verification)"; and (4) "TRPA Code of Ordinances § 84.3.3.D.3.b.ii and *Bryan I*." (ECF No. 28.)

The court may take judicial notice of an adjudicative fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." See Fed. R. Evid. 201(b). "A court shall take judicial notice if requested by a party and supplied with the necessary information." See Fed. R. Evid. 201(d). Defendants object only to the new factual assertions and legal arguments contained in plaintiff's request to which they had no opportunity to respond. (ECF No. 43 at 2.)

The court will take judicial notice of the existence of 33 C.F.R. § 320.1(c), 33 C.F.R. § 330.1(e)(1), and 86 Fed. Reg. 73522, but does not take judicial notice of the accompanying factual assertions or legal arguments in plaintiff's request. The court can consider this district court's prior decision in Bryan v. Tahoe Reg'l Planning Agency, No. 2:21-cv-02340-TLN-AC (PS) (Bryan I)[1] without taking judicial notice. Although plaintiff did not furnish a copy of the TRPA Ordinance, the court finds it on the official TRPA website and takes judicial notice of its existence. Thus, the request for judicial notice is granted in part, as set forth.

**IV.    Discussion**

Plaintiff seeks to conduct the following limited discovery and *in camera review*: (1) depositions "to test the veracity of the extra-record declarations TRPA voluntarily injected into this litigation to challenge Plaintiff's standing[;]" (2) obtain document production of technical metadata including raw GPS metadata and software settings used by TRPA; and (3) *in camera* review of privilege log entries. (ECF No. 40 at 24-25.)

Plaintiff states discovery is necessary because Bryan I "expressly allowed" an "alternative federal path" but defendants have created a "condition impossible" that violates the court's ruling. (ECF No. 40 at 3.) He argues there is "a significant mismatch between TRPA's stated rationale

[1] Plaintiff previously sued TRPA regarding the denial of his previous application for the same buoy, and this district court granted summary judgment to TRPA in that case. See Bryan v. Tahoe Reg'l Planning Agency, No. 2:21-cv-02340-TLN-AC (PS).

and its internal actions, triggering the bad-faith exception[.]" (Id. at 3.) In particular, as to bad faith, he argues Exhibits B, C, D, F, and H (see ECF No. 41-2 at 2-4 (describing exhibits) & 11-31, 38-43, 48-52 (exhibits)) are clear evidence of bad faith because they contradict TRPA's "non-existence" finding as to the buoy. (ECF No. 40 at 3, 6.)

Defendants dispute the primary assertion that the application was denied based on any finding that the buoy did not exist. (ECF No. 40 at 7.) Instead, they argue, the application was denied "because the general federal permit does not tie the non-littoral parcel to the claimed buoy as required under the TRPA Code." (Id.)

TRPA's stated reasons for denial of the application were (1) "because your property at 4100 Doe Avenue is not littoral" and (2) "you did not provide documentation of a valid authorization from an applicable federal or state agency with jurisdiction at Lake Tahoe, showing authorization for placement of the buoy by the owner of your parcel at 4100 Doe Avenue." (AR 906.)[2] The court also recognizes defendants pleaded "no protectable property interest" and "lack of standing" as affirmative defenses in this case "because no buoy exists in the location claimed by Plaintiff[.]" (ECF No. 14 at 17).

"Normally there must be a strong showing of bad faith or improper behavior before the court may inquire into the thought processes of administrative decisionmakers[.]" Pub. Power Council, 674 F.2d at 795; see also Animal Def. Council v. Hodel, 840 F.2d 1432, 1436 (9th Cir. 1988), amended, 867 F.2d 1244 (9th Cir. 1989); Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 420 (1971) (absent a strong showing of bad faith or improper behavior, courts should avoid making an inquiry into the mental processes of administrative decisionmakers via extra-record discovery). Plaintiff argues TRPA had the means to obtain the information it needed to grant the application but instead arbitrarily denied the application. Plaintiff's challenge to TRPA's legal and factual positions is not itself a strong showing of bad faith or improper behavior on the part of agency decisionmakers.

Plaintiff also asserts as evidence of bad faith and pretext that "TRPA initially represented

_____

[2] The administrative record ("AR") is lodged with the court. (See ECF Nos. 21, 22.)

4

a USACE Section 10 permit would satisfy the Code, yet they reversed this position without explanation once Plaintiff complied." (ECF No. 40 at 17.) To the contrary, though, TRPA's denial of application addressed in substantial detail its rationale on this point. (See AR 907-08 (discussing plaintiff's "approvals from the United States Army Corps of Engineers (USACE) and the content and significance of plaintiff's application to USACE"). Plaintiff's differing position does not demonstrate bad faith. Plaintiff's differing position also does show that expansion of the record is necessary to explain agency action. See Pub. Power Council, 674 F.2d at 794 (noting courts are "reluctant" to invoke this exception and the preferred procedure is to remand to the agency for its amplification if there is a need to supplement the record to explain agency action).

Plaintiff argues he should be able to conduct the requested depositions to test the veracity of extra-record declarations attached to defendants' opposition to his partial motion for summary judgment on the existence of the buoy, both submitted prior to lodging of the administrative record. (ECF Nos. 16, 17.) Those declarations are not before the court for any substantive issue as plaintiff withdrew the request for partial summary judgment on the existence of the buoy. (ECF No. 30.) To the extent plaintiff argues depositions should be conducted because defendants "waived" the applicable rule that judicial review be confined to the administrative record by filing those declarations, the court rejects the argument.

Plaintiff also asserts the administrative record is inadequate and "contrived" because of the withholding of over 100 pages of internal communications. (ECF No. 40 at 18.) The communications at issue are logged in a privilege log as attorney-client and/or deliberative process privileged materials. (See id. at 18-19.) Plaintiff does not show the privilege log is inadequate or attempt to show the documents are not attorney-client and/or deliberative process privileged. Plaintiff does not articulate any basis for in camera review.

Plaintiff's remaining challenges amount to arguments that certain evidence was inadequately considered or inaccurately construed, or simply express further disagreement with TRPA's legal and factual positions for denial of the application. Plaintiff fails to show bad faith or the applicability of any of the other exceptions to the general rule that review of agency action is limited to the administrative record. Accordingly, the requested discovery is unjustified. See

5

Animal Def. Council, 840 F.2d at 1438.

**V.    Order**

In accordance with the above, IT IS ORDERED as follows:

1.  The hearing set for February 18, 2026, is VACATED; and

2.  Plaintiff's motion to conduct limited discovery beyond the administrative record (ECF No. 41) is DENIED.

Dated:  February 4, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 brya25cv1937.40