UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENT M. BRYAN,

           Plaintiff,

      v.

TAHOE REGIONAL PLANNING AGENCY, et al.,

           Defendants.

No.  2:25-cv-1937-CKD (PS)

ORDER

Plaintiff Kent Bryan proceeds pro se and seeks declaratory and injunctive relief challenging a decision by defendant Tahoe Regional Planning Agency ("TRPA") denying his subsequent permit application for a mooring buoy on Lake Tahoe. (See ECF No. 5, First Amended Complaint.) Plaintiff's request for judicial notice and defendants' motion to strike are before the court. (ECF Nos. 47, 50.) The undersigned previously found the motion to strike suitable for decision without oral argument under Local Rule 230(g). (ECF No. 54.) For the reasons set forth below, the motion and request are denied.

This case is an action for review on an administrative record. The administrative record is lodged with the court. (See ECF Nos. 21, 22.) Plaintiff has filed a motion for summary judgment (ECF No. 55) and briefing is ongoing for that motion and any cross-motion that may be filed. See Local Rule 261.

1

On February 10, 2026, when no other motion was pending in this case, plaintiff filed a notice of supplemental authority and request for judicial notice. (ECF Nos. 46, 47.) Through these filings, plaintiff asks the court to take judicial notice of a letter to him from the California State Lands Commission (CSLC) dated February 2, 2026. (ECF No. 47 at 1.) Plaintiff requests "notice only of the existence and contents of the CSLC letter as an official agency record, not the truth of any disputed factual inferences." (Id.)

On February 17, 2026, defendants moved to strike the notice of supplemental authority and request for judicial notice. (ECF No. 50.) Plaintiff opposed the motion to strike. (ECF No. 52.) Defendants filed a reply. (ECF No. 53.)

Plaintiff argues the CSLC letter was offered not to brief the merits of this case, and not to supplement the administrative record or circumvent a proper attempt to supplement the record. (ECF No. 52 at 2.) He argues the purpose is instead to provide the court with "indisputable and newly confirmed factual clarification from the State of California regarding buoy ownership, a fact relevant to the underlying TRPA action" in advance of this court resolving dispositive motions. (ECF No. 52 at 2.)

In evaluating a challenge to agency action, the Administrative Procedure Act ("APA") directs courts to "review the whole record or those parts of it cited by a party[.]" 5 U.S.C.A. § 706. "[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." Camp v. Pitts, 411 U.S. 138, 142 (1973). The Ninth Circuit has articulated four narrowly construed circumstances under which supplementation of the administrative record may be justified: (1) when the record need be expanded to explain agency action; (2) when the agency has relied upon documents or materials not included in the record; (3) to explain or clarify technical matter involved in the agency action; and (4) where there has been a strong showing in support of a claim of bad faith or improper behavior on the part of agency decisionmakers. Pub. Power Council v. Johnson, 674 F.2d 791, 793-94 (9th Cir. 1982); see also Lands Council v. Powell, 395 F.3d 1019, 1030 (9th Cir. 2005).

The court may take judicial notice of an adjudicative fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court,

2

or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." See Fed. R. Evid. 201(b). "A court shall take judicial notice if requested by a party and supplied with the necessary information." See Fed. R. Evid. 201(c)(2).

Because the court may take judicial notice at any stage of the proceeding, Fed. R. Evid. 201(d), and "shall" do so if requested by a party and supplied with the necessary information, Fed. R. Evid. 201(c)(2), the court declines to strike plaintiff's request for judicial notice. The court also declines to strike plaintiff's notice of supplemental authority, while making no findings as to the contents of that notice. Striking these filings is unwarranted under Rule 12 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" on its own or on motion made by a party.).

Judicial notice could potentially be appropriate in an action on an administrative record to ensure the challenged action or decision is not insulated from review through hyper-technical application of the general rule allowing the court to consider only the administrative record. See generally Singh v. Ashcroft, 393 F.3d 903, 907 (9th Cir. 2004). Nevertheless, the focal point of this court's review is the administrative record already in existence. See Camp, 411 U.S. at 142. Plaintiff states the letter is not offered to brief the merits of the case and not offered to supplement the administrative record or as an attempt to supplement the administrative record. Plaintiff also does not assert any circumstances apply under which supplementation of the administrative record may be justified. The request for judicial notice is denied without prejudice because plaintiff has not shown that taking judicial notice of the CSLC letter would aid the court in its judicial review.

For the reasons set forth above, IT IS ORDERED as follows:

1. Plaintiff's request for judicial notice (ECF No. 47) is DENIED without prejudice; and

2. Defendants' motion to strike (ECF No. 50) is DENIED.

Dated:  April 27, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 brya25cv1937.50

3